1041. CENTRAL BUILDING CO. *et al. v.* GEORGIA RAILWAY & POWER CO.

The order of the trial judge setting aside the first verdict and judgment in this case did not change the effect of his prior orders striking the plea to the jurisdiction, the demurrer, and the motion to dismiss the suit; and when the case again came up for trial it was proper for the court to dispose of it without reference to the stricken plea, demurrer, and motion to dismiss.

DECIDED DECEMBER 16, 1919.

Certiorari; from Fulton superior court—Judge Pendleton. December 11, 1918.

*James & Bedgood,* for plaintiffs in error.
*Colquitt & Conyers, C. Don Miller,* contra.

JENKINS, P. J. The Georgia Railway & Power Company brought suit on a promissory note for $200, in the municipal court of Atlanta, against the Central Building Company, incorporated, the Carlton Supply Company, incorporated, and the Carlton Supply Company, not incorporated, but as a partnership composed of John A. Carlton and Thad Adams. The suit was

also against J. G. Oglesby Jr., indorser, who was the payee in the original note. All the defendants filed their answers, and in addition the Carlton Supply Company, a corporation, the Carlton Supply Company, a partnership, and the copartners above named, entered a special plea to the jurisdiction, alleging that none of them were residents of Fulton County, but that they were all residents of Colquitt county, Georgia. These last-named defendants also demurred upon the ground that the petition did not allege that the copartners were residents of Fulton county, Georgia, and also entered a motion to dismiss, setting up their non-residence, and that service had not been perfected in accordance with law. When the case came on for trial before his honor J. B. Ridley, one of the judges of the municipal court, there was no appearance on the part of the defendants who had filed the special plea, the demurrer, and the motion to dismiss, and on motion of counsel for the plaintiff the plea, the demurrer, and the motion to dismiss were stricken, and orders taken accordingly. A verdict and judgment were also rendered on the note for the plaintiff against all the defendants as sued for. Subsequently an order was passed setting aside the verdict and judgment, but the record does not disclose that the orders striking the special plea, the demurrer, and the motion to dismiss were ever vacated. When the case again came on for trial before his honor L. Z. Rosser Jr., another judge of the municipal court, there was again no appearance for any of the defendants, and upon proof being made, verdict and judgment were rendered against all the defendants as sued for. The defendants who filed the special plea to the jurisdiction, the motion to dismiss, and the demurrer, applied for a certiorari upon the ground that the last verdict and judgment were rendered without any disposition being made of the special plea, the motion to dismiss, and the demurrer, and upon the further ground that their counsel were then in attendance upon the Supreme Court. It does not appear, however, that any motion for continuance upon such ground had been made, and the trial judge in his answer to the petition for certiorari states that he is unable to certify that such was the reason for their absence. The answer of the trial judge in the certiorari proceedings specifically denies the statement contained in the petition for certiorari to the effect that the final judgment in the case was rendered without

any disposition being first made of the special plea, the motion to dismiss, and the demurrer, and, on the contrary, sets forth in his answer that they each stood stricken under the previous order entered by Judge Ridley. The petition for certiorari was dismissed by the judge of the superior court, and a new trial denied. *Held:* The action of the judge of the superior court is sustained, for the reason that it appears that at the time the case came on for trial there remained nothing in the case but the petition of the plaintiff and the answer of the defendants, and therefore the exceptions taken are without merit.

> *Judgment affirmed. Stephens and Smith, JJ., concur.*